IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-75,001-01




EX PARTE CHARLIE LAMAR JACKSON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 17533B IN THE 104TH DISTRICT COURT
FROM TAYLOR COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
marihuana in a drug-free zone and sentenced to eight years’ imprisonment. He did not appeal his
conviction.
            Applicant contends that he pleaded guilty because the prosecutor told trial counsel that after
Applicant served his two-year sentence in a separate state jail felony conviction, was sent to the
Correctional Institutions Division of the Texas Department of Criminal Justice, and served
approximately eight months there, he would be eligible for release to parole. Applicant contends,
however, that he has to serve five years day-for-day before he will become eligible for release to
parole. See Tex. Gov’t Code § 508.145(e). The trial court found that Applicant was not advised by
the State, the trial court, or trial counsel that he would have to serve his first five years day-for-day
due to the drug-free zone. The trial concluded that Applicant’s plea was involuntary and
recommended that we grant relief.
            We do not agree. If parole eligibility is an affirmative part of a plea bargain and that part of
the plea bargain cannot be carried out, a defendant’s plea will be rendered involuntary. Ex parte
Evans, 690 S.W.2d 274, 279 (Tex. Crim. App. 1985). Applicant does not contend that parole
eligibility was an affirmative part of his plea bargain. We recently filed and set Ex parte
Moussazadeh, AP-76,439 (filed and set for submission on November 3, 2010) to determine, among
other things, whether we should reconsider in light of Padilla v. Kentucky, 559 U.S. ____ (2010) our
original holding in Ex parte Moussazadeh, 64 S.W.3d 404 (Tex. Crim. App. 2001) that Mr.
Moussazadeh’s guilty plea was not rendered involuntary because of counsel’s erroneous advice on
parole eligibility. Applicant does not contend that trial counsel provided deficient advice. Instead,
he contends that his plea was involuntary because the prosecutor misrepresented to trial counsel the
law on parole eligibility. Even if the prosecutor made such misrepresentations to trial counsel, we
do not agree with the trial court’s conclusion that Applicant’s plea was involuntary. Relief is denied.
Filed: January 12, 2011
Do not publish